No. 858

AKRON (City) v. LICHTENWALTER

Ohio Supreme Court

No. 20513.  Decided Nov. 30, 1927.

1091.  SEWERS AND DRAINS.—Section 3812 GC. distinguishes between "drains" and "constructin sewers" and does not confer same authority, under paving legislation, to construct sewers and assess costs upon abutting property.

The provisions of Section 3812 General Code, make a destinction between "drains" and "construction sewers," drains and "watercourses." Under legislation for paving a city street and and draining same, authority is not conferred to construct a sewer and assess any portion of the cost and expense thereof upon property abutting thereon.  (Roebling v. Cincinnati, et al., 102 Ohio St. 460, approved and followed.)

Judgment affirmed.

(Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)

---

No. 859

INDUSTRIAL COMMISSION v. BARBER

Ohio Supreme Court

No. 20444.  Decided Nov. 30, 1927.

1283.  WORKMEN'S COMPENSATION LAW.—1.  Zone of employment not limited to enclosure of employer.

2.  Hazards of outside zone are compensable out of Compensation Fund.

1.  An employe, who for the purpose of reaching his place of employment travels a course which affords the only unobstructed access thereto, enters the course of his employment within the contemplation of the Workmen's Compensation Law, when he reaches the zone of such employment that is under the control of his employer, even though such zone be outside the enclosure of the employer.

2.  The hazards of such zone growing out of the conditions and environments of the employment, and an injury received by an employes due to such hazards is compensable out of the industrial insurance fund of the Workmen's Compensation Law.

Judgment affirmed.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur.)

No. 860

ROWE v. CINCINNATI

Ohio Supreme Court.

No. 20455.  Decided Nov. 30, 1927.

1113.  STREETS AND WALKS.—1.  Permit by a municipality to abutting owner to erect gasoline pump in such public street, constitutes a mere license.

2.  Lesse from abutting owner acquires by his lease, no right to appropriate part of the street for business purposes.

3.  Ordinance declaring gasoline filling stations, etc., operated upon municipal sidewalks and such spaces, to be nuisances, and directing their abatement by its officials, is valid and constitutional.

ALLEN, J.

1.  A permit by a municipality to an owner of real property abutting upon a public street to erect gasoline pumps in such public street constitutes a mere revocable license.

2.  A lessor from an owner of real property abutting upon a public street acquires no right by virtue of his lease of such abutting property which entitles such lessee permanently to appropriate any part of such public street to use for private business purpose.

3.  An ordinance which in substance provides that all gasoline filling stations or other automotive services which are maintained and operated in or upon any sidewalk or sidewalk spaces of a municipality, are declared to be obstructions to public travel and public nuisances, and directs the abatement of the same by the officials of the municipality and makes it a misdemeanor to fail to remove or to maintain or operate any such pumps, filling stations or other automotive services in such sidewalks or sidewalk spaces, is a valid and constitutional enactment and does not contravene Article XIV, Section 1, of the Amendments to the Constitution of the United States, nor Article 1, Section 19, of the Constitution of the State of Ohio.

Petition in error dismissed.

(Marshall, CJ., Day Kinkade, Robinson and Matthias, JJ., concur.  Jones, J., concurs in the judgment.)

---

(Continued from Page 780)

cupant of another vehicle and that he was not a person then in the lawful use of the roads or highways, and consequently that there was no violation on the part of the accused if the latter so operated his automobile as to endanger the life of Snedden.  We can not give to this section the restricted interpietation contended for.  Snedden was in the lawful use of the highway.  He was travelling in the machine of the accused and with the consent of the accused and there is as much reason for the law to protect his life and limb as to protect those of any other person using the highways.  This view is sustained by all the authorities cited by the plaintiff in error.  We find no error in the record.

(Middleton, J., concurs.  Sayre, PJ., not sitting.)